MISSISSIPPI VALLEY TRUST CO. *v.* BREWER *et al.*

(Division A. April 21, 1930.)

[128 So. 83. No. 28502.]

See, also, 151 Miss. 170, 117 So. 540.

Shands, Elmore & Causey, of Cleveland, and Maynard, Fitzgerald & Venable, of Clarksdale, for appellant.

Cutrer & Smith, of Clarksdale, for appellees.

Cutrer & Smith and Brewer & Brewer, of Clarksdale, for appellees.

McGowen, J., delivered the opinion of the court.

An original bill was filed in the chancery court of Coahoma county by the appellant, the Mississippi Valley Trust Company, against Earl Brewer, Mrs. Earl Brewer, Mrs. Earline Brewer Shelton, W. P. Holland, Mrs. Florence T. Holland, J. W. Cutrer, and Mrs. J. W. Cutrer; and subsequently E. W. Smith was made a party thereto.

Before the bill was filed a chancellor of another district granted a fiat for the writ of injunction against the Bank of Clarksdale; to restrain it from paying over to the appellees funds in its hands, which the appellant contended should be subject to the payment of an indebtedness owing to it, guaranteed to be paid by Earl Brewer and J. W. Cutrer.

The bill sought to set aside certain conveyances from Earl Brewer to Cutrer and Smith, from Earl Brewer to Mrs. Brewer and Mrs. Shelton, and from Mrs. Shelton to Mrs. Holland; and conveyances from J. W. Cutrer to Mrs. J. W. Cutrer; and subsequently the Planters' Bank was made a party, and an injunction was sued out, restraining it from paying out money upon which a lien was asserted.

The bill sought a personal decree against Cutrer and Brewer on a certain contract of suretyship or guaranty, executed by Brewer and Cutrer, as sureties or guarantors of indebtedness of the Planters' Bank of Clarksdale, in favor of the appellant. These contracts of suretyship were in writing, and were several times renewed, and the indebtedness alleged to be due by the Planters' Bank to the appellant was evidenced by the bank's promissory notes.

The answers admitted the signing of the contract of suretyship; but Brewer and Cutrer said they were induced through fraud to sign the same; denied that there was any indebtedness by the Planters' Bank, the principal, to the appellant; set up an agreement of settlement of other litigation between the Canal Bank & Trust Company of New Orleans and Earl Brewer; and denied all the several allegations of fraud.

There are more than two thousand three hundred pages in this record, much of the contents of which are to be found scattered here and there in the reports of decisions of this court. We therefore refrain from making a detailed statement of facts, but shall only set forth such facts as are necessary to a decision of the several points presented here.

The court below finally dismissed the bill as to all parties defendant. The principal sum on which the suit is based was in excess of two hundred sixty-nine. thousand dollars. The Mississippi Valley Trust Company prosecutes an appeal here. In their order we shall take up the assignments of error.

First, the court erred in sustaining the motion to suppress the deposition of the witness, H. A. Fagan. The contents of this deposition were material on the issue of fraud; and counsel practically concedes that it is all the testimony he had.

On Saturday, February 25, 1928, one of counsel for appellant made an affidavit, in which he alleges that H. A. Fagan was a nonresident witness for the appellant; that he had been sick for some time; and that Fagan's physician had advised the attorney that, because of the nature of Fagan's illness, a serious operation would have to be performed on him on the following Monday or Tuesday, the 27th or 28th. It was also alleged that the operation might prove fatal. This affidavit, together with interrogatories to be propounded to Fagan, and answered by him, were filed after three o'clock on Saturday afternoon, in the chancery clerk's office. A copy of the interrogatories, with notice, was served on Cutrer and Smith, attorneys for all the defendants, and for themselves, about seven o'clock that afternoon, after the clerk's office had been closed for the day. The notice required the appellees to file their cross-interrogatories on the following day, Sunday, so that the interrogatories and cross-interrogatories might be mailed to Chicago; and recites that the deposition must be taken in Chicago at ten o'clock Monday morning, the 27th.

Fagan was not a party to the litigation. Brewer and Mrs. Shelton were not served with copies of the interrogatories until after the deposition of Fagan had been taken; which deposition was taken ex parte on Monday morning, no one appearing for the appellees, either by cross-interrogatories, or by personal appearance in Chicago. It is shown that a train left Clarksdale at about four o'clock Sunday afternoon, arriving in Chicago about an hour before the time appointed for the taking of Fagan's deposition. The record discloses that later, on the motion to suppress the deposition, the appellant served notice on the appellees to retake the deposition

of Fagan, on which occasion Cutrer and Brewer were in Chicago for the purpose of taking the deposition two or three days prior to the date set.

Counsel for appellants became involved in a controversy with the chancery clerk, and because of this declined to take the deposition, although Brewer and Cutrer advised counsel that they would waive all formalities, and take the depositions at the time named; the deposition was not retaken. Fagan lived until February, 1929.

The court below suppressed the deposition on the ground that the notice to take the deposition, under the circumstances, was not reasonable. The deposition was sought to be taken by virtue of section 1669, Hemingway's Code 1927, section 1936, Code of 1906, which is as follows:

"*Depositions de bene esse may be taken on filing bill in chancery.*—After bill filed in chancery, the complainant, on affidavit made and filed that any of his witnesses are sick, aged, infirm, or about to go out of the state, may take the deposition of such witness, on giving the opposite party, if resident in the state, such reasonable notice as the circumstances will admit, of the time and place of taking the same."

Pretermitting any discussion of whether or not the notice, in point of time, was reasonable, we are of opinion that the section quoted above only authorizes the taking of depositions of witnesses within the state; and does not contemplate the filing of interrogatories to be answered by the witness, but, as we see it, provides for the taking of depositions of witnesses in the state who are "sick, aged, infirm, or about to go out of the state." The language of the statute negatives the idea, in the light of these provisions—and the several statutes must be taken and construed together—that this provision for such depositions applies to witnesses residing out of the state. The language of the statute carries that conviction and sustains that construction.

Appellant sought to avail itself of both statutes by filing cross-interrogatories as provided in section 1661, Hemingway's Code 1927, section 1928 of the Code of 1906, and then serving the notice as provided in section 1669, supra. The former section provides for the filing of interrogatories to be propounded to nonresident witnesses, and permits the cross-examination of such witnesses by the filing of cross-interrogatories, or by attending in person the examination, and there cross-examining the witness. This section provides that the opposite party shall be served with a notice ten days before the commission issues for the taking of the deposition. The taking of a deposition de bene esse does not require the issuance of a commission. The two sections cannot be so commingled. Counsel for appellant say that a nonresident witness may be aged, infirm, or sick, and the same reason would exist for taking the deposition on short notice as in the case of a resident witness; but the legislature had in mind the unreasonable advantage that the party desiring a deposition would have over the opposite party by serving notice on him to immediately take depositions at some place far distant from the state, allowing no time for the necessary preparation. Every contingency was provided for by the legislature.

Section 1662, Hemingway's 1927 Code, section 1929, Code of 1906, provides the manner in which the notice to take the deposition of a nonresidence witness may be served on the nonresident or absent party. Section 1663, Hemingway's 1927 Code, section 1930, Code of 1906, provides how a commission shall be issued to take the deposition of a nonresident witness. And section 1670, Hemingway's 1927 Code, section 1938, Code 1906, provides how the testimony of a nonresident party is obtained. The method of taking the deposition of a nonresident witness, not a party to the suit, is prescribed by section 1661, supra; and in our opinion section 1669 has no application to the taking of a deposition de bene esse of a

nonresident witness, and applies only to a resident witness of the class therein defined—the language seems to be clear.

Second, it is insisted that the court below erred in refusing to permit appellant to examine Earl Brewer, one of the defendants, as an adverse witness. Earl Brewer and his wife were both parties to the litigation. Brewer had been sworn as a witness on the motion to suppress the deposition heard in advance on the trial on the merits, and had been examined with reference to the notice of, and circumstances attending, the taking of the deposition of Fagan. It is insisted that Brewer, being sworn as a witness on this motion to suppress the deposition, waived the provisions of chapter 35, Laws of 1928, relative to husband and wife being incompetent as witnesses against each other. There does not appear to be much difficulty about the question; but we are relieved from construing the statute, in the light of these circumstances, for the reason that, while Earl Brewer was called as a witness, and counsel made a long statement upon the materiality of what he expected to show by the adverse witness, the record does not reveal that the court ever passed upon the question of Brewer's competency as a witness against his wife, or that the point had ever been made that Brewer had been sworn as a witness on the motion to suppress the deposition; the record is absolutely silent on that point. Appellees make the point, counsel for appellant make no answer thereto in their reply brief; and as we have scanned these two thousand three hundred pages without finding a ruling of the court which is challenged, and not answered, by counsel, we take it that the question was not raised in the lower court, and we will not consider it here.

The decision as to these two assignments of error disposes of the case in so far as all the appellees are concerned, with the exception of Earl Brewer and J. W. Cutrer.

Third, it is next insisted that the court erred in holding that the failure of the appellant to file suit in either the chancery court or the circuit court against the Planters' Bank, the principal, barred appellant's right of action against Earl Brewer and J. W. Cutrer, because the appellant had not complied with section 3109, Hemingway's Code of 1927, which is as follows:

"Any person bound as surety or accommodation indorser for another, may, at any time after the debt has become due or liability been incurred, give notice in writing to the creditor to commence and prosecute legal proceedings against the principal debtor, if living and resident within this state, for the recovery of the debt; and if the creditor fail to commence legal proceedings by the next term of the court in which the same shall be instituted, to be held after the expiration of thirty days from the giving of the notice, and to prosecute the same to effect, the surety who shall have given the notice shall be discharged from liability. It shall not be lawful to plead or to give in evidence under this section a notice not in writing, and any act of the creditor shall not be a waiver of notice in writing as herein required."

It is conceded that on May 9, 1928, Brewer and Cutrer, by formal written notice served on the Mississippi Valley Trust Company, fully availed themselves of all the benefits of the above section. It is admitted that two terms of the circuit court ensued after the service of this written notice in 1928, one on the first Monday in May, and the other on the fourth Monday in September; also, that before service of this notice there was a term of the chancery court on the second Monday in April.

The complainant, a foreign corporation, which had a claim against the Planters' Bank, and against Brewer and Cutrer, as sureties of said bank, for more than three thousand dollars brought its suit in the District Court of the United States for the Delta division of the Northern district of the state of Mississippi, at the first term of said court after the giving of the notice, which was held,

as provided by law, in the city of Clarksdale on the third Monday of October, 1928, this suit being authorized by the chancery court, the iPlanters' Bank then being in liquidation.

Waiving the other questions, we think this section was complied with by the filing of a suit by the nonresident opposite party to the next term of the federal court, that court having jurisdiction of the subject-matter and of the parties; and we think counsel for appellees conceded that the statute did not limit the bringing of the suit to the jurisdiction of the state courts. But whether they concede this or not, it is a fact that the statute, to be upheld, must permit a nonresident party to seek the federal jurisdiction if he so desires; and the statute cannot be so construed as to deprive him of that right. We do not think this statute is intended to convey other than that a term of court having jurisdiction should not be allowed to pass without suit being instituted; and that, if the suit is not instituted at the first term of a court having jurisdiction, whether state or federal, the bar of the statute will be effective as a release.

Counsel for appellees lay much stress upon the words "prosecuted to effect;" the suit was filed in the federal court, and the bank, through its attorneys, appeared on the second day of the term, when the court allowed them to answer. But it seems that at the time of the trial the suit had not been disposed of.

We do not think there is any merit in the contention that, because time had intervened, and the lawsuit had not progressed to judgment, the suit had not been "prosecuted to effect," in the absence of a showing of collusion between the Mississippi Valley Trust Company and the Planters' Bank. In this case, it seems to us, there is no showing of which appellees could avail to plead in bar of the suit.

The suit was brought to the first term of the federal court after the giving of the notice, and there is no contention that the suit was not being prosecuted in the

ordinary way, under the rules of procedure in the federal court, subject to the exigencies of any lawsuit pending in any court. And this statute cannot be construed to impose as a penalty on the surety the forfeiture of the debt, solely because of delay of final judgment encountered by the opposition.

We are, therefore, of opinion that Brewer and Cutrer were not released because of the action taken under this statute, and the court below erred in holding that the suit must be brought to the first term of the state court, where there was more than one court having jurisdiction of the parties and subject-matter.

Fourth, it is insisted that the court erred in holding that the appellant did not come into court with clean hands—based upon the agreement, and relative to the settlement, of a former suit of the Canal Bank & Trust Company against Earl Brewer and others, being a suit in the chancery court of that county.

Conceding all that counsel for appellee may say with reference to this assignment of error, it is clear that an agreement was signed by all the parties litigant in that cause, then being settled, to which agreement the Mississippi Valley Trust Company was not made a party; but it was stipulated in that agreement, and counsel and litigants were notified thereby, that "the Mississippi Valley Trust company, one of the intervening complainants, shall dismiss their intervention herein without prejudice as to any right it may have, and with the full right to proceed hereafter as it may see fit, the costs incurred by this intervenor to be borne equally by the banks on one part, and the defendants on the other." This language is plain notice that the Mississippi Valley Trust Company retained the "full right to proceed hereafter." The court was influenced by the action of an attorney who appears to have represented the Canal Bank & Trust Company as well as the Mississippi Valley Trust Company; and the deposition of Judge MORGAN STEVENS merely shows that the lawyer who prepared the bill and

assisted in bringing this suit did not reveal his purpose to bring suit for the Mississippi Valley Trust Company; but, regardless of this intention, and of what the parties understood before the agreement was merged into the writing quoted above, we do not think the Mississippi Valley Trust Company could be held to have gone into court with unclean hands.

Counsel for appellees claim that the obligation sued on is not shown to be within the terms of the written guaranty signed by them, and that the guaranty is without consideration. We think, on the other hand, that the notes sued upon speak for themselves, and there is nothing in the record to indicate that they were not included as a part of the original guaranty or suretyship. There was ample consideration, and the carefulness with which the instruments are drawn, and the renewal of them from time to time, demonstrates both a consideration, good in law, and that the notes represent advances made to the defaulting principal bank by the appellant, in pursuance of the contract entered into by Brewer and Cutrer, in which they agreed, in effect, to save harmless and make whole the unpaid obligation of their principal, the Planters' Bank.

We conclude that the court below correctly dismissed the bill as to all the appellees, save and except J. W. Cutrer and Earl Brewer. In so far as these two appellees are concerned, there is no maintainable reason why the appellant is not entitled to a judgment against them for the amount of the notes which are the basis of this action.

This cause will be affirmed as to all the appellees, except Brewer and Cutrer, and judgment will be entered here against them for the amount of the notes sued on in this litigation, with interest thereon.

Affirmed in part, and reversed in part.